ANSWER OF THE JUSTICES TO THE
HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,*
Opinions of the Justices.

The Justices asked to be excused from answering questions propounded
to them by a branch of the Legislature as to a pending bill beyond
pointing out that, in view of certain existing statutory definitions not
affected by the bill, the enactment of the bill in its then form would be
futile.

On May 28, 1963, the Justices submitted the following
reply to an order of the House of Representatives:

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit this reply to an order adopted by the House of Rep-
resentatives on May 20, 1963, and transmitted to us on May
23, 1963. The order recites the pendency before the Gen-
eral Court of a bill, House No. 3042, a copy of which was
transmitted with the order. The bill is entitled, "An Act
relative to dentists and chiropodists (podiatrists) entering
into written agreements with medical service corpora-
tions," and seeks to amend G. L. c. 176B, § 7, inserted by
St. 1941, c. 306, by striking it out and substituting a new sec-
tion. Chapter 176B is entitled, "Medical Service Corpora-
tions," and provides for their organization. In c. 176B,
§ 1, a "medical service corporation" is defined as one or-
ganized under that chapter for the purpose of establishing
and operating a nonprofit "medical service plan." Other
definitions in § 1 are: "Medical service" means "the medi-
cal services ordinarily provided by registered physicians in
accordance with accepted practices in the community where
the services are rendered." "Non-profit medical service
plan" is one "operated by a medical service corporation

. . . whereby the cost of medical service furnished to subscribers and covered dependents is paid by the corporation to participating physicians and to such other physicians as are provided for" in c. 176B. "Participating physician" means "a registered physician who agrees in writing with a medical service corporation to perform medical service for subscribers and covered dependents and to abide by the by-laws, rules and regulations of such corporation." "Registered physician" is "a physician registered to practice medicine in the commonwealth" as provided in G. L. c. 112, § 2.

The bill seeks to introduce dentists and chiropodists (podiatrists) into § 7 for the first time. The proposed changes appear in brackets in the following quotation: "Every registered physician [, dentist and chiropodist (podiatrist)] shall have the right, on complying with such rules and regulations as the corporation may make, to enter into a written agreement with a medical service corporation, doing business in the city or town where the said physician [, dentist or chiropodist (podiatrist)] resides or has his usual place of business, to perform medical service. This chapter shall not change the normal relations between [a] physician [, dentist, chiropodist (podiatrist)] and patient. No restriction shall be placed by any such corporation upon its participating physicians [, dentists and chiropodists (podiatrists)] as to methods of diagnosis or of treatment. No officer, agent or employee of a medical service corporation shall influence or attempt to influence a subscriber or a covered dependent in his choice of a participating physician [, dentist or chiropodist (podiatrist)]. A subscriber or a covered dependent, subject to the by-laws, rules and regulations of a medical service corporation and the terms and provisions of his subscription certificate, shall be entitled to the benefits of this chapter upon receiving medical service from any participating physician [, dentist or chiropodist (podiatrist)] or, in the discretion of the corporation, upon receiving medical service from any nonparticipating physician [, dentist or chiropodist (podia-

trist)] in an emergency or when outside the commonwealth. A corporation may terminate its agreement with any participating physician [, dentist of (*sic*) chiropodist (podiatrist)] at any time (a) for failure to comply with the reasonable rules and regulations of such corporation, including without limitation such rules and regulations as may be adopted governing the keeping of accounts, records, and statistics, the making of reports and proof of services rendered, or (b) for presenting any fraudulent, unreasonable, or improper claim for payment, or compensation.''

The order recites that ''Grave doubt exists as to the constitutionality of said bill, if enacted into law,'' but contains no hint as to what are the grounds of doubt. See *Opinion of the Justices,* 320 Mass. 773, 782.

The questions are:

''1.   In view of the provisions of Section 4 of Chapter 176B of the General Laws, as most recently amended by Chapter 307 of the Acts of 1960, does said bill make it mandatory for a medical service corporation to enter into a written agreement to furnish medical services with each registered chiropodist (podiatrist) who wishes to enter into such agreement, subject to the rules and regulations of such medical service corporation?

''2.   In view of the provisions of said Section 4 of said Chapter 176B, does said bill make it mandatory for a medical service corporation to pay for medical services to a subscriber or covered dependent rendered by a chiropodist (podiatrist)?

''3.   If the answers to questions 1 and 2 are in the affirmative, does said bill violate any provision of the Declaration of Rights of the Constitution of Massachusetts or of the Constitution of the United States, including Article X of the Declaration of Rights and the 14th Amendment of the Constitution of the United States?''

General Laws c. 176B, § 4, as amended by St. 1960, c. 307, § 1, reads in part: ''Any medical service corporation *may* enter into contracts with its subscribers ·and with partici-

pating physicians, dentists and chiropodists (podiatrists) licensed under the laws of the commonwealth, for such medical and surgical services as may lawfully be rendered by them to the subscribers and to their dependents, and *may* pay for such services." It will be noted from the supplied italics that the entering into the contract is optional. When § 4 was first enacted, its scope was limited to physicians. St. 1941, c. 306. Dentists were added by St. 1950, c. 472, and chiropodists (podiatrists) by St. 1959, c. 130.

Our jurisdiction is limited to giving opinions "upon important questions of law, and upon solemn occasions." Part II, c. 3, art. 2, of the Constitution. We are not required to extend the discussion on this point because of what we hereafter say. The first two questions merely relate to the interpretation of § 4 of the statute in comparison with the proposed amendments to § 7. These questions relate solely to "medical services." By the definition in § 1 above quoted such services may be performed only by registered physicians. A chiropodist (podiatrist) is not a registered physician. The enactment of the bill in its present form would be futile. We cannot anticipate any amendment to the definitions. We respectfully ask to be excused from making further response to the first two questions. See *Answer of the Justices,* 319 Mass. 731.

As we have not answered the first two questions in the affirmative, no answer is required to question 3.

> RAYMOND S. WILKINS
> JOHN V. SPALDING
> ARTHUR E. WHITTEMORE
> R. AMMI CUTTER
> PAUL G. KIRK
> JACOB J. SPIEGEL
> PAUL C. REARDON